J-A14029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| A.A. | |
| Appellant | No. 1176 MDA 2014 |

Appeal from the PCRA Order June 19, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005893-2011

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED MAY 29, 2015**

Appellant A.A. appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court sets forth the relevant facts and procedural history of this appeal as follows:

> On January 9, 2012, the District Attorney of Lancaster County filed a Criminal Information (No. 5893-2011) charging [Appellant] with 14 counts of sexual offenses involving three different child-victims, all of whom were related to [Appellant].[1]  These offenses occurred between the dates of January 1, 2008 and December 31, 2010, at which time [Appellant] engaged in sexual intercourse with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

three separate complainants who were less than 13 years of age.

<sub>1</sub> [Appellant] was initially charged as a juvenile through the filing of a Juvenile Petition, as he was a minor at the time the offenses were committed (D.O.B. 08/01/1992). On September 31, 2011, the Commonwealth filed a Petition to Transfer Juvenile to the Court of Common Pleas of Lancaster County, Criminal Division, and a hearing was ordered to be held on December 6, 2011. Furthermore, a guardian *ad litem* was appointed for [Appellant]. On December 30, 2011, when he was 19 years of age, [Appellant] knowingly, voluntarily, and with the benefit of counsel and his guardian *ad litem* entered into five stipulations that effectively transferred his case from Juvenile Court to the Court of Common Pleas, and the court entered an order transferring [Appellant] to criminal court on that same day.

More specifically, in addition to vaginal and anal intercourse, [Appellant] placed his penis in the mouth of his half-sister, F.T. (D.O.B. 2/20/1997), placed his mouth on the child's vagina, and committed one act of forcible sexual intercourse against this child by holding her against her will. At various times [Appellant] also fondled the child's breasts and ejaculated on the victim's face and chest. Additionally, [Appellant] raped his other half-sister, K.T. (D.O.B. 5/13/1999), by at various times engaging in vaginal intercourse while touching the child's buttocks without her consent. Finally, [Appellant] engaged in sexual intercourse with his cousin, S.J. (D.O.B. 1/24/2000) and placed his penis in this victim's mouth.

Counts 1, 2, 10, and 13 of the Criminal Information charged [Appellant] with four separate instances of rape of a child,[2] a felony of the first degree. Count 6 charged [Appellant] with rape by forcible compulsion,[3] a felony of the first degree. Counts 3, 4, and 14 charged [Appellant] with three instances of involuntary deviate sexual intercourse with a child,[4] a felony of the first degree. Count 5 charged [Appellant] with aggravated indecent assault of a child,[5] a felony of the first degree. Counts 7

- 2 -

and 12 charged [Appellant] with three instances of indecent assault of a person less than 13 years of age.[7]

[2] 18 Pa.C.S. § 3121(c)[.]

[3] 18 Pa.C.S. § 3121(a)(1)[.]

[4] 18 Pa.C.S. § 3123(b)[.]

[5] 18 Pa.C.S. § 3125(b)[.]

[6] 18 Pa.C.S. § 4302(a)[.]

[7] 18 Pa.C.S. § 3126(a)(7)[.]

On January 10, 2012, [Appellant] appeared before the Honorable Judge Louis J. Farina and entered into a guilty plea pursuant to a negotiated agreement. At the conclusion of the guilty plea hearing, Judge Farina accepted [Appellant's] guilty plea after finding it was knowing, intelligent and voluntary. The court then entered an order directing that [Appellant] undergo an assessment by the Sexual Offenders Assessment Board [("SOAB")], and sentencing was deferred until completion of the assessment.

A sexually violent predator [("SVP")] hearing was held before Judge Farina on May 29, 2012, in order to determine whether [Appellant] was [an SVP]. After the hearing, in which Dr. Veronique N. Valliere testified on behalf of the Commonwealth and Dr. Timothy P. Foley appeared and testified on behalf of [Appellant], the court found the Commonwealth had proven by clear and convincing evidence that [Appellant] was [an SVP]. Thereafter, sentence was imposed pursuant to the negotiated plea agreement, at which time [Appellant] received an aggregate prison sentence of not less than 10 years nor more than 30 years in the state correctional institution.[9]

[9] [Appellant] was sentenced as follows: (1) 10 to 30 years['] imprisonment on each of the four counts of rape of a child; (2) 10 to 30 years['] imprisonment on the charge of rape by forcible compulsion; (3) 10

to 30 years['] imprisonment on each of the three counts of involuntary deviate sexual intercourse with a child; (4) 10 to 30 years['] imprisonment on the charge of aggravated indecent assault of a child; (5) 1 to 2 years['] imprisonment for each of the two counts of incest; (6) 1 to 5 years['] imprisonment for each of the two counts of felony indecent assault of a minor; and (7) 1 to 2 years['] imprisonment on the charge of misdemeanor indecent assault of a minor. All sentences were to be served concurrent with one another.

On June 27, 2012, [Appellant] filed a notice of appeal. On July 23, 2012, [Appellant] filed a statement of errors complained of on appeal, alleging the trial court committed error by denying his request to submit a written expert report in lieu of live testimony at the SVP hearing and by denying his request for the court to fund that expert testimony. However[, Appellant's] counsel subsequently filed an Anders brief in the appeal and sought leave to withdraw.

The Superior Court of Pennsylvania filed a memorandum decision on April 3, 2013, granting counsel's request to withdraw and affirming the judgment of the trial court. On March 4, 2014, [Appellant] filed a *pro se* document titled "Notice of Appeal" with the Supreme Court of Pennsylvania, which was later returned to [Appellant] because his appeal was not timely.

[Appellant] then submitted a *pro se* motion for [PCRA] relief, post-marked April 2, 2014 and filed on April 7, 2014. In his motion, [Appellant] requested release from custody and a new trial by alleging his guilty plea was unlawfully induced and his appellate counsel provided ineffective assistance of counsel for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania. Thereafter, on April 23, 2014, Christopher P. Lyden, Esquire, was appointed as counsel to represent [Appellant] on his PCRA motion.

On May 15, 2014, after investigating [Appellant's] claims, counsel submitted a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213

(Pa.Super.1988) and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988), expressing the opinion that the issues raised in [Appellant's] *pro se* PCRA motion had no merit. Counsel also conducted an independent review of the record, finding "no other claims of merit to present" on [Appellant's] behalf. Counsel simultaneously filed a motion to withdraw as counsel, complying with the requirements of ***Commonwealth v. Friend***, 896 A.2d 607 (Pa.Super.2006) (overruled on other grounds).[2]

In accordance with Pennsylvania rules of criminal procedure, [the PCRA] court then conducted an independent review of the record. On May 29, 2014, the court issued a Rule 907 notice concluding that [Appellant's] PCRA motion was patently frivolous, the allegations were not supported by the record, and there were no genuine issues concerning any material fact. Pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, [Appellant] was allowed twenty (20) days from the date of the notice to file a response to the proposed dismissal. Thereafter, on June 19, 2014, the court filed an order dismissing [Appellant's] PCRA petition.[13]

> [13] On June 19, 2014, at 9:27 a.m., the court filed an order dismissing [Appellant's] PCRA motion, noting that [Appellant] had failed to submit a timely response within twenty days of the Rule 907 notice as required. On June 19, 2014, at 9:40 a.m., [Appellant's] reply to rule 907 notice was filed with the Lancaster County Office of the Prothonotary. Consequently, [Appellant's] reply was not before the court for consideration prior to dismissal of the PCRA motion.[3]

---

[2] ***See Commonwealth v. Pitts***, 981 A.2d 875, 879 (Pa.2009) ("To the extent ***Friend*** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue, we disavow such holding.").

[3] The PCRA court's failure to consider Appellant's response to the Rule 907 notice before dismissing his PCRA petition is irrelevant; Appellant suffered no prejudice because the PCRA court addressed the claims asserted in
*(Footnote Continued Next Page)*

On July 7, 2014, [Appellant] filed a notice of appeal to the Superior Court of Pennsylvania. A concise statement of matters complained of on appeal was submitted on July 23, 2014, asserting three errors. First, [Appellant] alleges the trial court erred in permitting PCRA counsel to withdraw his appearance without investigating [Appellant's] mental health claims. Second, [Appellant] alleges PCRA counsel was ineffective for failing to investigate the aforementioned mental health claims. Finally, [Appellant] alleges his guilty plea was unlawfully induced due to his "mental infirmity," and as such he was not aware of the nature of the charges against him or of the permissible range of sentences which could be imposed.

PCRA Court Opinion, filed September 5, 2014, ("PCRA" Opinion) at 1-6

(unnecessary capitalization, citations to the record, and some footnotes

omitted).

Appellant raises the following issues for our review:

WHETHER THE PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE INEFFECTIVENESS OF APPELLATE AND TRIAL COUNSEL CONCERNING APPELLANT'S MENTAL HEALTH?

WHETHER THE TRIAL COURT ERRED IN PERMITTING PCRA COUNSEL TO WITHDRAW HIS APPEARANCE WITHOUT INVESTIGATING ANY OF THE APPELLANT'S CLAIMS?

*(Footnote Continued)* ─────────────

Appellant's response in its Pa.R.A.P. 1925(a) opinion. ***See Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa.Super.2013) ("It is apparent from the court's Pa.R.A.P. 1925(a) opinion that it received and evaluated those documents, albeit after it issued its order denying Appellant's petition. The court concluded that all of the claims asserted in Appellant's responses were meritless.… Appellant has not demonstrated that he was prejudiced by the court's failure to consider his responses to the Rule 907 notice prior to denying his petition.").

WHETHER APPELLANT'S GUILTY PLEA WAS UNLAWFULLY INDUCED DUE TO HIS LACK OF MATURITY, AND MENTAL HEALTH ISSUES?

Appellant's Brief at 4.

In his first two issues, Appellant argues his PCRA counsel was ineffective for failing to investigate claims about his mental health. Appellant claims he presented issues of arguable merit and that the PCRA court erred by allowing counsel to withdraw without pursuing these issues. We disagree.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Our Supreme Court has explained the procedure required for court-appointed counsel to withdraw from PCRA representation:

> [*Turner* and *Finley*] establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> > 1) A 'no-merit' letter by PCRA counsel detailing the nature and extent of his [or her] review;
> >
> > 2) A 'no-merit' letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
> >
> > 3) The PCRA counsel's 'explanation', in the 'no-merit' letter, of why the petitioner's issues were meritless;
> >
> > 4) The PCRA court conducting its own independent review of the record; and
> >
> > 5) The PCRA court agreeing with counsel that the petition was meritless.

*Pitts*, 981 A.2d at 876 n.1 (citations omitted). In addition, this Court has required that PCRA counsel who seeks to withdraw must:

> contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Friend*, 896 A.2d at 614 (emphasis deleted). Further,

> [i]f counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. *Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa.Super.1993). Upon

doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief. **Commonwealth v. Karanicolas**, 836 A.2d 940, 948 (Pa.Super.2003).

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. **Mosteller**, 633 A.2d at 617. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721-22 (Pa.Super.2007).

Instantly, Appellant filed a timely *pro se* motion for PCRA relief. On April 23, 2014, the court appointed PCRA counsel, who filed a motion to withdraw on May 15, 2014. Along with his motion to withdraw, counsel filed a no-merit letter, which detailed the nature and extent of his review by stating that he reviewed Appellant's PCRA petition, the court file, the notes of testimony from the guilty plea hearing and sentencing hearing and did additional legal research. **See Turner/Finley** Letter, dated May 15, 2014. Counsel listed the issue Appellant wished to have reviewed and explained that appellate counsel had no obligation to continue with Appellant's appeal after the Superior Court had granted him permission to withdraw. Counsel stated that Appellant's issue was, therefore, meritless and that, after conducting an independent review of the record, Appellant had no other claims of merit to present. **Id.** The PCRA court then conducted its own

"thorough review of the record" and concluded Appellant's PCRA motion was "patently frivolous, the allegations are not supported by the record, and there are no genuine issues concerning any material fact." Rule 907 Notice, filed May 29, 2014, at 15. Thus, the court properly granted counsel's motion to withdraw.

Appellant claims that trial counsel was ineffective for failing to investigate Appellant's mental health. Although ineffective assistance of counsel claims are cognizable under the PCRA, Appellant's issue merits no relief.

This Court follows the **Pierce**[4] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

---

[4] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

Appellant complains his trial counsel was ineffective for failing to investigate why Appellant was raping his young family members. He claims a psychiatric evaluation would have revealed poor mental health, specifically a pedophilic sexual disorder. However, Appellant fails to elaborate on why counsel would have investigated this claim, how it would have helped his case, or how he has been prejudiced by his counsel's failure to pursue it.

The PCRA court reasoned:

> Addressing his alleged "mental defect," [Appellant] was found by clear and convincing evidence to be affected by Paraphilia (N.O.S.) during the SVP Hearing, which satisfied the statutory criteria for classification as [an SVP].
>
> * * *
>
> However, a SVP Hearing and a diagnosis of Paraphilia (N.O.S.) do not affect [Appellant's] competence to stand trial, and [Appellant] may not use that finding as a means to attack his underlying conviction. To that end, none of the psychological experts involved in this case, including [Appellant's] expert, ever used this diagnosis as a basis for questioning [Appellant's] competence in any way.

- 11 -

Moreover, any argument PCRA counsel could have made as to [Appellant's] alleged mental defect or competency to stand trial would have been fatally undercut by the record. As part of [Appellant's] transfer from Juvenile Court to the Court of Common Pleas, [Appellant] stipulated he was "not committable to an institution for the mentally retarded or mentally ill." Furthermore, prior to the on-the-record colloquy conducted by the court during his guilty plea hearing, [Appellant] signed a seven-page Guilty Plea Colloquy and Post-Sentence Rights form stating he had never been treated for mental illness. When asked whether a mental illness or its treatment would affect his ability to understand his rights or why he was in court at that time, [Appellant] replied "N/A." Additionally, [Appellant's] counsel noted there were two psychological evaluations done on [Appellant] prior to his waiver of the certification hearing which do not support [Appellant's] assertions that he suffered from a mental defect.

PCRA Opinion, at 16-17.

As Appellant cannot establish that his claim of ineffectiveness has any merit, we need not address the remaining prongs of the *Pierce* test. *See Fitzgerald, supra.*

In his third and final issue, Appellant argues his guilty plea was unlawfully induced due to his lack of maturity and mental health issues. This issue lacks merit.

"The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super.2011) (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa.Super.1993) (citation omitted). At a minimum, the trial court

- 12 -

must determine that: (1) the defendant understands the nature of the charges to which he is pleading guilty, (2) there is a factual basis for the plea, (3) the defendant understands that he has a right to trial by jury, (4) the defendant understands that he is presumed innocent until proven guilty, (5) the defendant is aware of the permissible range of sentences and/or fines for the charged offenses, and (6) the defendant is aware that the judge is not bound by the terms of the plea agreement tendered unless the judge accepts the agreement. *Yeomans*, 24 A.3d at 1047 (citing Pa.R.Crim.P. 590, *Comment*).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)).

Whether a defendant is competent to plead guilty "requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him." *Willis*, 68 A.3d at 1002 (citing *Commonwealth v. Turetsky,* 925 A.2d 876 (Pa.Super.2007)).

Here, the trial court conducted a thorough colloquy before Appellant, who was 19 years old, entered his guilty plea. *See* N.T., 1/10/12, at 3-22. The court explained the charges and the maximum penalties and fines each charge warranted. *Id.* at 3-5. The court advised Appellant of his right to a jury trial and the Commonwealth's burden to prove him guilty beyond a reasonable doubt. *Id.* at 8. Appellant then admitted to the factual bases for all of his charges. *Id.* at 9-11. Additionally, Appellant signed a guilty plea colloquy and post-sentence rights form in which he indicated he was not being treated for any mental illness. After the court apprised Appellant of his rights, Appellant acknowledged that he was competent and understood everything in the guilty plea colloquy he reviewed with his attorney, that he was not being coerced into entering the plea, that he did not have any questions, and that it was his own decision to plead guilty. *Id.* at 17-22. Thus, Appellant's guilty plea was not unlawfully induced, and his claim lacks merit. *See Yeomans, supra.*

After a thorough review of the record, the briefs of the parties and the applicable law, we conclude the PCRA court properly denied Appellant PCRA relief and properly granted counsel's petition to withdraw from representation of Appellant. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/2015